## COCA–COLA CO. v. CHRISTOPHER.
### Civ. A. No. 2007.

District Court, E. D. Michigan, S. D.

Jan. 23, 1941.

Spalding, Sibley, Troutman & Brock, of Atlanta, Ga., Whittemore, Hulbert & Belknap, of Detroit, Mich., Edward S. Rogers, of Chicago, Ill., Frank Troutman, of Atlanta, Ga., and Arthur C. Beaumont, of Detroit, Mich., for plaintiff.

Ralph Barrows and Howard H. Campbell, both of Detroit, Mich., for defendant.

LEDERLE, District Judge.

1. Plaintiff is a Delaware corporation. The defendant is a citizen of Michigan and a resident in the City of Detroit. The amount involved in this suit is in excess of $3,000, exclusive of interest and costs.

2. The plaintiff and its predecessors have, for many years, applied the trademark "Coca-Cola" to a soft drink syrup and beverage made therefrom, and have spent large sums of money advertising this product. For many years plaintiff's trademark has been commonly abbreviated by dealers and the public to "coke". The use of this name for plaintiff's product has been common in Detroit and vicinity. Counsel for the defendant conceded " * * * that when I asked for 'coke', however it is spelled, I expect to get Coca-Cola * * * ". Soft drinks are usually ordered by spoken word, and a call for "coke" is a call for Coca-Cola, and is so understood by dealers and the public.

3. On January 17, 1940, the defendant filed a voluntary petition in bankruptcy and was adjudged bankrupt on January 29, 1940. In February, 1940, while the bankruptcy proceedings were pending, he started to do

business under the assumed name of the "La Coq Company", in the City of Detroit. He never disclosed to the Bankruptcy Court the fact that he was engaged in this business, and received his discharge in bankruptcy on September 12, 1940. The defendant had not to exceed $1,500 to be used for the purpose of developing his product. This money he secured by borrowing small amounts from several different individuals.

4. The defendant testified as a witness in his own behalf, and from his testimony and his demeanor upon the witness stand I am forced to conclude that from the outset he intended to palm off his goods as those of the plaintiff, and that he selected the name "La Coq" for the purpose of deceiving the public. He did not have sufficient capital himself to advertise his product and no means of securing such capital, and without such advertising there was no possibility of the success of this venture. The name "La Coq" is commonly pronounced the same as it would be if it were spelled "L-a C-o-k-e", and this in turn would normally be understood to mean "a coke" with the broad "a". The defendant also artificially colored his product for the sole purpose of making it similar in appearance to the product of the plaintiff.

5. The defendant, by his conduct, passed off his goods as the plaintiff's goods and adopted means which he knew would be likely to deceive the public into thinking that the plaintiff was the manufacturer thereof.

6. Before filing its complaint the plaintiff requested the defendant to discontinue the use of the name "La Coq", but the defendant refused to do so.

### Conclusions of Law.

1. The court has jurisdiction of the subject matter and of the parties to this action.

2. The plaintiff is the owner of the trade-mark "Coca-Cola", and is entitled to its exclusive use and to the exclusive use of the word "coke", the abbreviation of its trade-mark "Coca-Cola". The use by the defendant of the term "Coq" is equivalent to the use of "Coca-Cola". The use of this term is a representation that the defendant's goods come from the plaintiff, or that the defendant is acting by or under the authority of the plaintiff. The defendant has attempted to take advantage of the good will earned by the plaintiff, and the attempt to deceive the average purchaser and palm off

his goods as the goods of the plaintiff constitutes unfair competition. Socony-Vacuum Oil Company v. Rosen, 6 Cir., 108 F. 2d 632.

3. Plaintiff is entitled to a perpetual injunction enjoining the defendant from using upon or in connection with the sale, manufacture, bottling, advertising or offering for sale of any beverage syrup or beverage made therefrom, the word "coq", whether in association with the term "La" or any other word, and otherwise competing unfairly with the plaintiff.

4. The plaintiff has not proved actual damages to its business or established a measurable loss resulting from the unfair competition. Damages for unfair competition must be confined to the loss actually sustained by the plaintiff as the direct and natural consequence of such act, and damages which are uncertain or speculative cannot form the basis of recovery. Socony-Vacuum Oil Company v. Rosen, supra. Liberty Oil Corporation v. Crowley, Milner & Company, 270 Mich. 187, 258 N.W. 241.

5. A judgment may be entered for the plaintiff in accordance with these findings, with costs.